Zhang v. Lynch

BIA
Hom, IJ
A205 225 281

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

GAOXIANG ZHANG,
> *Petitioner*,

> v.                13-1902
>                   NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.[*]

_____

_____

[*]The Clerk of the Court is respectfully directed to amend the caption to substitute Loretta E. Lynch for former Attorney General Eric H. Holder, Jr., as the respondent in this case, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

FOR PETITIONER:     Farah Loftus, Law Office of Farah Loftus, Century City, CA.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General, Linda S. Wernery, Assistant Director, Kerry A. Monaco, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gaoxiang Zhang, a native and citizen of the People's Republic of China, seeks review of an April 22, 2013 decision of the BIA affirming the June 11, 2012 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Gaoxiang Zhang*, No. A205 225 281 (B.I.A. Apr. 22, 2013), *aff'g* No. A205 225 281 (Immig. Ct. N.Y. City June 11, 2012).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA.  *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Zhang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  Further, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent."  *Lin*, 534 F.3d at 166 n.3.  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id*. at 167.  In this case, the agency reasonably based its adverse credibility determination on an omission from Zhang's asylum application and from his mother's letter and the lack of plausible explanation for those omissions.

For the first time on cross-examination, Zhang testified that he received medical treatment after being arrested at a house church meeting and detained

3

but did not have any documentary proof of the treatment. He claimed that he tried to obtain evidence from the doctor but that the doctor no longer had the notes he had taken during Zhang's visit. When asked why neither his written statement nor his mother's letter mentioned that Zhang had required medical attention, Zhang testified that his mother must have forgotten to mention it, and that he must not have noticed that it was missing from his own statement.

The REAL ID Act allows the agency to base a credibility finding on any inconsistency, without regard to whether it goes "to the heart of the applicant's claim." § 1158(b)(1)(B)(iii). The omission of Zhang's medical treatment provides substantial evidence supporting the agency's adverse credibility determination. *See Lin*, 534 F.3d at 166. Further, the IJ reasonably rejected Zhang's explanation for the omission. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).

Additionally, the agency's finding that Zhang failed to meet his burden of establishing a well-founded fear of future persecution is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). In finding that Zhang's fear of persecution was not objectively reasonable, the agency relied on the fact that Zhang was not a church leader and would not be entirely prevented from practicing his religion. *Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). The country condition reports in the record support these conclusions.

4

Because, based on the credibility and burden findings, Zhang cannot demonstrate his eligibility for asylum, his claims for withholding of removal and CAT relief necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). We need not reach the agency's pretermission and past persecution findings, as the credibility and well-founded fear findings are dispositive.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5